# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA , | Criminal No.  02-02 (JRT) |
| Plaintiff, | |
| v. | **ORDER** |
| JEFFREY LANE POLITANO, | |
| Defendant. | |

Jeffrey Lane Politano, No. 00578-124, RRM Minneapolis, Residential Re-Entry Office, 300 South 4th Street, Suite 1210, Minneapolis, MN  55415, *pro se*.

Andrew S. Dunne, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415; and James E. Lackner, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN  55101, for plaintiff.

Defendant Jeffrey Lane Politano has filed two *pro se* letter motions, asking the Court to terminate or modify his special parole term stemming from his 1978 conviction for possession of brevital sodium.  The Court construes these letter motions as a petition for writ of habeas corpus under 28 U.S.C. § 2241, because Politano challenges the execution of his sentence.  *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). The Court will deny Politano's petition for the following reasons.

First, the Court issued a Show Cause Order on July 27, 2016, directing the government to respond to a specific concern that the Court had about how Politano's special parole term had been calculated, a concern that Politano himself did not raise.

(Order to Show Cause, July 27, 2016, Docket No. 16.)  The government responded to that order on August 16, 2016, and the Court finds that the government has sufficiently addressed the Court's concerns about the calculation of Politano's special parole term. (*See* Resp. to Order to Show Cause, Aug. 16, 2016, Docket No. 18.)

Second, Politano has failed to establish that he is entitled to habeas relief.  Despite the fact that Politano was sentenced in 1978, he has not yet finished serving his original 15-year special parole term.  (*Id.*, Ex. 1 ("Hanks Decl.") ¶ 27.)  Additionally, to the extent Politano argues that he did not receive a timely hearing for his most recent special parole revocation, that claim is now moot because a hearing was held October 23, 2015.  (*Id.* ¶ 26.)  Moreover, the mere fact that this hearing may have been held after the statutory deadline does not entitle Politano to have his special parole term terminated or modified. *See United States v. Horn Bear*, 887 F.2d 897, 898-99 (8th Cir. 1989).  Instead, to receive relief, Politano must show that the delay of his revocation hearing caused him prejudice. *See White v. U.S. Parole Comm'n*, 856 F.2d 59, 61 (8th Cir. 1988); *Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 845 (9th Cir. 1983).  Politano has made no such showing. Politano also argues that his special parole term may be terminated because he successfully completed five years of special parole between 1992 and 1998.  *See* 18 U.S.C. § 4211(c)(1) (providing that a parolee who successfully completes five years on special parolee is entitled to termination unless the Parole Commission holds a hearing and determines that "supervision should not be terminated"); 28 C.F.R. § 2.43(c)(2) (same).  But this claim is inaccurate – Politano was granted special parole on August 2, 1992, the Parole Commission issued a warrant for his arrest on April 16, 1997, and Politano was arrested on that warrant on April 22, 1997.  (Hanks Decl. ¶¶ 20(f), 20(g),

21.)   Politano accordingly did not successfully complete five years on special parole. Finally, Politano makes arguments about recent amendments to the sentencing guidelines for drug crimes.   But those amendments have no impact on Politano's special parole term, because he was sentenced prior to the enactment of the Sentencing Reform Act in 1984.

The Court will therefore deny Politano's habeas petition.  The Court sympathizes with the fact that Politano continues to serve a special parole term 38 years after the original offense.  Politano, however, has not identified any grounds upon which the Court could grant him the relief he seeks.  Because no reasonable jurist would find the rejection of Politano's petition debatable or wrong, the Court will also decline to grant a certificate of appealability.   28 U.S.C. § 2253(c); *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016).

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Politano's letter motions [Docket Nos. 12, 13], construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, are **DENIED with prejudice**.

2.     For the purposes of appeal, the Court does **NOT** grant a certificate of appealability under 28 U.S.C. § 2253(c).

DATED:  September 6, 2016
at Minneapolis, Minnesota.

_____
s/ John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court